## 108

American Welding Co.
vs.            } Eq. No. 4298
Wm. H. Haskell Mfg. Co.

March 1, 1918

BARROWS, J. Heard on prayer for preliminary injunction to restrain respondent from prosecuting an action of ejectment. The bill did not waive oath and sworn answers were filed prior to the hearing.

The complainant, under a five year written lease from one Mrs. Brown, expiring in 1922, holds possession of certain real estate in Pawtucket, title to which now rests in respondent. Said real estate when leased was subject to a mortgage of $25,000 to the Slater Trust Company. Mrs. Brown, after the execution of the lease to complainant, sold her equity of redemption to respondent for $62,000. Respondent did not assume payment of the mortgage note. It had full knowledge of complainant's lease and notified complainant to take up with respondent all matters pertaining to said lease. For several months respondent collected rents from complainant as per lease.

Respondent, being desirous of enlarging its plant, had some negotiations with complainant relative to giving up the lease. Complainant refused to do so. Respondent then informed complainant that if it permitted the mortgage to be foreclosed, complainant's lease would be lost. On October 4th last, interest on the mortgage note was in default and after regularly pursuing all steps under the power of sale, the Slater Trust Company foreclosed said mortgage and sold the property at public auction. Said foreclosure was neither procured, instigated nor advised by respondent but was made on the independent initiative of the Slater Trust Company. Respondent admits that it refused to pay the interest and permitted the foreclosure sale with intent to bid at such sale and purchase free and clear of said lease, if it could do so for a reasonable price. Complainant was present at the sale but made no bid. Respondent purchased the property at said sale for

## 109

$26,000. At once respondent notified complainant that the lease was no longer in force, refused to accept rental and on complainant's refusal to vacate, commenced a suit in ejectment.

Complainant vigorously hints at fraud, but offers no evidence in support of it or to show that respondent was instrumental in procuring the foreclosure. What he terms respondent's threat of foreclosure proceedings was merely a statement of legal rights claimed by respondent.

Complainant's allegation that respondent assumed the payment of said mortgage is not only not supported but is positively disproven. Neither is there the slightest evidence to show any assumption by respondent of the lease from Mrs. Brown to complainant. The only obligations resting upon respondent under said lease arose by operation of law as a result of respondent's purchase of the equity of redemption from Mrs. Brown.

Complainant urges that the covenant for quiet enjoyment in the lease ran with the land and became binding on the Haskell Manufacturing Company when it purchased from

Mrs. Brown; especially so after attornment had been made by the payment of rent by complainant to respondent.

McArdell vs. Williams, 19 R. I. 701.

Complainant claims that the effect thereof was to create a privity of contract and a personal obligation on respondent to insure quiet enjoyment to complainant.

Respondent denies any privity of contract. It admits that the covenant for quiet enjoyment was binding on respondent so long as it held title under its purchase of the equity of redemption from Mrs. Brown. Respondent urges that the covenant ceased to bind respondent when the latter's claim to the equity of redemption was eliminated by the foreclosure sale; that any purchaser at such sale took a paramount title which eliminated both the equity of redemption and the lease; that such sale was open to all the world and the fact that respondent was the purchaser did not alter the situation and continue to keep alive the covenant of quiet enjoyment.

A purchaser at foreclosure sale takes title paramount to all incumbrances made subsequent to the mortgage and can evict a tenant holding by such claim.

See Note to Glidden vs. Second Avenue Investment Co., 55 L. R A. (N. S.) 190 at 204, Ill. b. 2.

### 110

The authorities also hold that an assignee of a lessor is bound by the covenants of the lease which run with the land only so long as the assignee holds the title of the assignor. The assignee's liability ceases with the destruction of his assignor's estate. The liability is personal only upon the original covenantor.

Brereton vs. Tuohey, 8 Irish Common Law 190 at 205, (1852) Exchequer Chamber.

Kent vs. Stoney, 9 Irish Chancery 249 (1859).

Coey vs. Pascoe, 1 Irish Chan. Div. 125 (1899).

Miller vs. Trafford, (1901) 1 Chan. Div. 54.

Same case, 70 Law Journal, (1901) 72.

Note to L. R. A. 55 (N. S.), (1915 C) 191, especially at pages 204, 220 and 226.

None of the above are cases of mortgage foreclosure, but all seem analogous. Complainant has cited no authority for his position. He relies upon a general feeling of inequity done to him. The only equitable ground for supporting complainant which we have found was a general expression of Lord Cottenham's occurring in the case of Greenlaw vs. King, 5 Jurist 18 (1841) and quoted with approval in Beech on Trusts and Trustees, Vol. 1, Sec. 100, page 206: "No party can be permitted to purchase an interest where he has a duty to perform inconsistent with the character of a purchaser." The usual case for the application of this rule is where a personal fiduciary relation exists between the purchaser and complainant. We fail to find such fiduciary relation where the only duty rests upon respondent's mere purchase of the equity of redemption without the assumption of the mortgage. In the present case respondent owed complainant a duty only by reason of ownership of the equity of redemption. Respondent's duty ceased to exist when the equity ceased to exist. The equity ceased to exist when the foreclosure sale was had. Hence respondent no longer owed a duty to complainant. To carry the former duty over to the freehold title is to impose a personal duty on respondent. We see no equitable ground for so engrafting a covenant on the fee merely because respondent happened to be the purchaser.

The feeling of inequity in the case is answered by the fact that a lessee from the owner of an equity of redemption takes the lease with knowledge that his lease may be defeated. It can make no difference to him who defeats the lease provided it is not done by one owing him a duty: On foreclosure the lease is defeated by the act of the mortgagee, not by act of the purchaser. . Active procurement of foreclosure might fall within some doctrine of fraud, but the

111

assignee's willingness to permit foreclosure, even though the net result is the same as would arise from active intervention, cannot create a duty and raise an equity which did not before exist.

For the above reasons the prayer for an injunction is denied.

For complainant: Easton, Williams & Rosenfeld.

For respondent: Gardner, Pirce & Thornley.